UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

_____

UNITED STATES OF AMERICA

      vs.                                      Criminal Action No. 5:08-CR-676-NAM

MICHAEL C. WOODS, a/k/a "Mickey
Woods," a/k/a "Big Boss Man," and "Big
Buddy," *et al*.,

              Defendants.

_____

_____

## PRETRIAL MEMORANDUM OF DEFENDANT MICHAEL C. WOODS

_____

HINMAN, HOWARD & KATTELL, LLP
Albert J. Millus, Jr., Esq., of Counsel
Federal Bar Roll No.:  102210
Attorneys for Defendant Michael C. Woods
700 Security Mutual Building
80 Exchange St.
P.O. Box 5250
Binghamton, NY  13902-5250
Telephone:  607-723-5341

## TABLE OF CONTENTS AND AUTHORITIES

### Contents

Preliminary Statement ............................................................................. 1

Statement of Facts ................................................................................. 1

    Overview ...................................................................................... 1

    Defendants ................................................................................... 1

    Indictment .................................................................................... 2

Discussion ......................................................................................... 4

    Michael Woods' Defenses .................................................................. 4

    Co-Conspirator Exception to the Hearsay Rule ......................................... 4

    Mr. Woods Cannot be Guilty of Both the Continuing Criminal Enterprise Charge
    and the Drug Conspiracy Charge ......................................................... 6

    The Jury Must Unanimously Agree on Each Individual Violation of the Federal
    Drug Laws in Order to Find Mr. Woods Guilty of the Continuing Criminal
    Enterprise Charge .......................................................................... 6

    The Government's Claim that the Alleged Enterprise Received Over $10 Million
    Dollars of Gross Receipts in any Twelve Month Period is Entirely Speculative and
    Unsupported, and the Issue Should not be Submitted to the Jury ..................... 6

### Authorities

### Cases

*Bourjaily v. United States*, 483 U.S. 171 (1987) ............................................. 5

*Fiswick v. United States*, 329 U.S. 211 (1946) .............................................. 5

*Krulewitch v. United States*, 336 U.S. 440 (1949) .......................................... 5

*Lutwak v. United States*, 344 U.S. 604 (1953) .............................................. 5

*Richardson v. United States*, 526 U.S. 813 (1999) .......................................... 6

*Rutledge v. United States*, 517 U.S. 292 (1996) ............................................ 6

*United States v. Fermin*, 2008 U.S. App. Lexis 9847 (2nd Cir. 2008) ...................... 6

*United States v. Rosario*, 111 F.3d 293 (2nd Cir. 1997) ........................................... 6

## Other Authorities

Rule 801(d)(2)(E), Fed. R. Evid. ................................................................. 4-5

## PRELIMINARY STATEMENT

Defendant Michael C. Woods is alleged to have been the leader of a large scale marijuana distribution network. This Pretrial Memorandum is submitted on behalf of Mr. Woods.

## STATEMENT OF FACTS

### Overview

The First Superseding Indictment alleges that the thirty-one defendants[1] distributed marijuana to various cities in the United States. According to the Government, the marijuana originated in Canada and was transported to the St. Regis Mohawk Indian Territory (commonly referred to as "Akwesasne"), which straddles the Canadian/United States Border in the vicinity of the northeast corner of New York State. The marijuana was then smuggled across the St. Lawrence River to the American side of the border, where it was given to couriers who transported it to various destinations and delivered it to various customers. The only named customers appear to be defendants Nos. 9 (Michael Harris) and 10 (William Scott Morgan) of Boston, Massachusetts.

The Indictment alleges that the distribution existed from no later than April 2005 and continued until at least February 2008. The original Indictment was filed in November 2008, and superseded in October 2009.

### Defendants

Defendant No. 1 (Michael C. Woods) is alleged to have been the leader and organizer of the alleged distribution network. Defendant No. 2 (Gaetan Dinelle) is alleged to have been one of Mr. Woods' "managers" of what the Government refers to as the "Woods Drug Trafficking

---

[1] The caption in the First Superseding Indictment lists defendants numbered (1) through (33), with the exception of Nos. (13) and (14), who were named in the original Indictment but then dropped.

Organization" or "Woods DTO."  Mr. Woods and Mr. Dinelle, currently the only defendants headed for trial, are named in each of the Nine Counts of the First Superseding Indictment.

Defendants Nos. 3 (Debbie Francis), 4 (Steven Primeau), 5 (David Taze Duggan), and 6 (Rodney Dingwall) are also alleged to have been "managers" of the supposed Woods Drug Trafficking Organization.

According to the Indictment, Defendant No. 7 (Mark Smoke) was an individual living in the immediate vicinity of the Indian Territory who received the marijuana on the American side of the Territory and stored it in his residence until it was dispatched to the couriers.  Mr. Smoke is deceased.

Defendant No. 8 (Jonathan Poitras) is alleged to have been one of the Canadian suppliers of marijuana to the network.  It does not appear that Mr. Poitras is in custody, and the Government has provided almost no information about him.

Defendants Nos. 9 (Michael Harris) and 10 (William Scott Morgan) are, as indicated above, alleged to have been customers of the organization, residing in Boston.

Defendants Nos. 11 (Aonwentsiio "Doogie" Sunday, 12 (Mitchell Printup), 15 (Joel Gray Collins, now deceased), 16 (Jeffrey Goulet), 17 (Amanda Stevens), 18 (Noel Piette), 19 (Bryce Cumming), 20 (Derrick Martin), 21 (Ashley Johnson), 22 (April May Lazore), 23 (Barrett Wagar), 24 (Michelle Daniluck), 25 (Amanda Pond), 26 (Joanna Hyderman), 27 (Martin Foley), 28 (Jeana MacDonald), 29 (Chantal Allaire), 30 (Marc Allaire), 31 (Kayla Snyder), 32 (Cassie O'Byrne) and 33 (Kendra Theoret) were apparently couriers.

**Indictment**

The indictment contains the following Counts:

First.  The First Count is asserted against all defendants, and alleges that they conspired to distribute, and to possess with intent to distribute, marijuana, in violation of 21 U.S.C. §§841a)(1) and (b)(1)(A); and to aid and abet the conspiracy, in violation of 18 U.S.C. §2.  The Fist Count lists twenty-four overt acts.

Second.  The Second Count is also asserted against all defendants, and alleges that they conspired to unlawfully import marijuana from Canada into the United States, in violation of 21 U.S.C. §952, and to aid and abet the alleged conspiracy in violation of 18 U.S.C. §2.

Third.  The Third Count is asserted against defendants Michael Woods, Gaetan Dinelle, David Taze Duggan, and Jonathan Poitras, and alleges that they conspired to distribute marijuana knowing that it would be unlawfully imported into the United States, in violation of 21 U.S.C. §§959 and 960(a).

Fourth through Eighth.  The Fourth through Eighth Counts are asserted against Mr. Woods and specific co-defendants in connection with the alleged seizure of marijuana on specific occasions.  These counts allege possession with intent to distribute, distribution, and aiding and abetting the distribution of marijuana, in violation of 21 U.S.C. §841(b)(1)(C) or (D), and 18 U.S.C. §2.  Counts Four and Eight do not specify any particular weight.  Counts Five, Six, and Seven allege that the distribution involved more than 50 kilograms of Marijuana.  The individuals named in each Count are:

Four:  Michael Woods and Gaetan Dinelle (June 6, 2006).

Five:  Michael Woods, Gaetan Dinelle, and Noel Piette (February 24, 2007).

Six:  Michael Woods, Gaetan Dinelle, April May Lazore, and Ashley Johnson (July 7, 2007).

3

Seven:  Michael Woods, Gaetan Dinelle, Michelle Daniluck, and Amanda Pond (November 2, 2007).

Eight:  Michael Woods, Gaetan Dinelle, and Jeana MacDonald (January 4, 2008).

Ninth.  Finally, the Ninth Count alleges that defendants Michael C. Woods and Gaetan Dinelle engaged in a Continuing Criminal Enterprise in violation of 21 U.S.C. §848(a) and (c). It is further alleged that the Enterprise received $10 million in gross receipts during any twelve month period of its alleged existence.  If proven, this enhancement would subject Mr. Woods and Mr. Dinelle to mandatory life sentences.

## DISCUSSION

**I.    MICHAEL WOODS' DEFENSES.**

Mr. Woods has not asserted any affirmative defenses.  He intends to hold the Government to its burden of proof, and maintains that the Government's proof will be insufficient to prove his guilt beyond a reasonable doubt.

**II.    CO-CONSPIRATOR EXCEPTION TO THE HEARSAY RULE.**

Although it is unknown exactly what evidence the Government will offer at trial, based on the review of the discovery materials it is anticipated that the Government will attempt to use statements of alleged co-conspirators against Mr. Woods.  Accordingly, the Court may well be required to make rulings on objections to such evidence.

Rule 801(d)(2)(E) provides:

(d) Statements That Are Not Hearsay. A statement that meets the following conditions is not hearsay:

* * *

(2) *An Opposing Party's Statement.* The statement is offered against an opposing party and:

* * *

4

(E) was made by the party's coconspirator during and in furtherance of the conspiracy.

As stated in *Bourjaily v. United States*, 483 U.S. 171, 175 (1987): "Before admitting a co-conspirator's statement over an objection that it does not qualify under Rule 801(d)(2)(E), a court must be satisfied that the statement actually falls within the definition of the Rule. There must be evidence that there was a conspiracy involving the declarant and the nonoffering party, and that the statement was made 'during the course and in furtherance of the conspiracy.'

To be admissible, a co-conspirator statement must be made "during and in furtherance of the conspiracy." *Krulewitch v. United States*, 336 U.S. 440, 443-444 (1949)("This prerequisite to admissibility, that hearsay statements by some conspirators to be admissible against others must be made in furtherance of the conspiracy charged, has been scrupulously observed by federal courts"). And, as stated in *Lutwak v. United States*, 344 U.S. 604, 618 (1953), "the declarations of a conspirator do not bind the co-conspirator if made after the conspiracy has ended."

> Moreover, confession or admission by one co-conspirator after he has been apprehended is not in any sense a furtherance of the criminal enterprise. It is rather a frustration of it. If, as the Circuit Court of Appeals thought, the maintenance of the plot to deceive the Government was the objective of this conspiracy, the admissions made to the officers ended it. So far as each conspirator who confessed was concerned, the plot was then terminated. He thereupon ceased to act in the role of a conspirator. His admissions were therefore not admissible against his erstwhile fellow-conspirators. Gambino v. United States, 108 F.2d 140, 142-143.

*Fiswick v. United States*, 329 U.S. 211, 217 (1946).

Based on the discovery provided by the Government, the Government took statements from a number of cooperating defendants or co-conspirators who may not be called as witnesses. The undersigned intends to object to any attempt to introduce against defendant Woods

statements made by such individuals, if made after their arrest and while cooperating with the Government.

### III.   MR. WOODS CANNOT BE GUILTY OF BOTH THE CONTINUING CRIMINAL ENTERPRISE CHARGE AND THE DRUG CONSPIRACY CHARGE.

The First Count of the First Superseding Indictment charges Mr. Woods with engaging in a drug conspiracy in violation of 21 U.S.C. §846.  The Ninth Count charges him with conducting a Continuing Criminal Enterprise in violation of 21 U.S.C. §848.  As the former is a lesser included offence, he cannot be convicted of both, which would violate the double jeopardy clause.  If convicted of both, one of the convictions must be vacated.  *Rutledge v. United States,* 517 U.S. 292 (1996); *United States v. Rosario*, 111 F.3d 293, 300-01 (2nd Cir. 1997).

### IV.   THE JURY MUST UNANIMOUSLY AGREE ON EACH INDIVIDUAL VIOLATION OF THE FEDERAL DRUG LAWS IN ORDER TO FIND MR. WOODS GUILTY OF THE CONTINUING CRIMINAL ENTERPRISE CHARGE.

This requirement was established by the Supreme Court in *Richardson v. United States*, 526 U.S. 813 (1999).  While the requirement for special interrogatories is within the Court's discretion, the Second Circuit has recommended the use of such interrogatories.  *United States v. Fermin*, 2008 U.S. App. Lexis 9847 at 4-6 (2nd Cir. 2008).

### V.   THE GOVERNMENT'S CLAIM THAT THE ALLEGED ENTERPRISE RECEIVED OVER $10 MILLION DOLLARS OF GROSS RECEIPTS IN ANY TWELVE MONTH PERIOD IS ENTIRELY SPECULATIVE AND UNSUPPORTED, AND THE ISSUE SHOULD NOT BE SUBMITTED TO THE JURY.

The First Superseding Indictment alleges that the alleged continuing criminal enterprise received over $10 million dollars in gross receipts during any twelve month period of the existence of the enterprise.  If the jury were to so find, defendants Woods and Dinelle would be subject to mandatory life sentences pursuant to 21 U.S.C. §848(b)(2)(B).  It is respectfully

submitted that the Court should not allow the Government to submit this question to the jury. The First Superseding Indictment, as stated in Overt Acts 9, 10, and 11, alleges that there were thirteen seizures of marijuana or marijuana proceeds between May 19, 2005 and February 24, 2008, having a total alleged value of $2,254,569, far less than the life sentence threshold over nearly a three year period. The Government will presumably ask the jury to extrapolate from this fact that the gross receipts during any twelve month period during that time frame exceeded the enormous sum of $10 million, a highly speculative contention in no way supported by the discovery provided thus far. While the undersigned will obviously wait to hear the Government's alleged proof in this regard, the Court should be aware that there will likely be an objection in this regard, and a request that that the allegation as to the alleged revenues be stricken from the Indictment.

Dated:        Binghamton, New York
              July 13, 2015                        /s/ Albert J. Millus, Jr.

                                         _____
                                         HINMAN, HOWARD & KATTELL, LLP
                                         Albert J. Millus, Jr., Esq., of Counsel
                                         Federal Bar Roll No.:  102210
                                         Attorneys for Defendant Michael C. Woods
                                         700 Security Mutual Building
                                         80 Exchange St.
                                         P.O. Box 5250
                                         Binghamton, NY  13902-5250
                                         Telephone:  607-723-5341